IN THE MATTER OF THE DENIAL BY THE SECRETARY OF REVENUE
OF CLAIM FOR REFUND OF NORTH CAROLINA INHERITANCE
TAXES BY THE ESTATE OF SHANKAR N. KAPOOR, DECEASED

No. 8010SC179

(Filed 1 July 1980)

**Taxation § 27.1– inheritance taxes – separation agreement – life insurance trust –
proceeds not debt of decedent**

> Where decedent obligated himself in a separation agreement to main-
> tain in full force and effect "a life insurance trust in the amount of at least
> $150,000" for the benefit of his former wife and his children, this obligation
> was fulfilled by decedent's payment of the necessary life insurance pre-
> miums, and the life insurance proceeds were not a "debt of the decedent"
> deductible for inheritance tax purposes under G.S. 105-9(4).

APPEAL by respondent from *Hobgood (Hamilton H.), Judge.*
Judgment entered 12 November 1979 in Superior Court, WAKE
County. Heard in the Court of Appeals 13 June 1980.

Until 1969 decedent was married to Ruth Kapoor, and two
children were born of the marriage. Prior to obtaining a divorce,
decedent and Ruth Kapoor executed a separation agreement,
by the terms of which decedent obligated himself to "maintain
in full force and effect . . . a life insurance trust in the amount of
at least $150,000.00" for the benefit of Ruth Kapoor and the
children. Decedent established such a trust, and at the time of
his death all premiums had been paid and policies in the
amount of $151,754.63 were in effect.

The trustee of the life insurance trust collected the policy
proceeds. Petitioner, the executor of decedent's estate, included
the proceeds on both state and federal inheritance and estate
tax returns and paid taxes on them. Subsequently, petitioner
sought and received a refund of the federal taxes paid on the
proceeds, but petitioner's claim for a refund of the state taxes
paid was denied.

Upon petitioner's request for review, the Secretary of Rev-
enue and then the Tax Review Board upheld the denial of the
refund. Petitioner then sought review in the Superior Court,
and the court reversed the denial and ordered that the refund
be paid. Respondent appeals.

*Haywood, Denny & Miller, by B. M. Sessoms and James H. Johnson III, for petitioner appellee.*

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

ARNOLD, Judge.

The issue on this appeal is whether the life insurance proceeds are a "debt of the decedent," making them deductible for inheritance tax purposes under G.S. 105-9(4). Our courts have not previously interpreted the word "debt" as it is used in this section. Petitioner argues that G.S. 105-9(4) must be interpreted to include the types of deductions provided for federal estate tax computation by IRC § 2053(a)(3) and (4), but we are unpersuaded that this is what the legislature intended. The language of G.S. 105-9(4) does not parallel that used in the federal statute, and we find no indications otherwise that the legislature intended our state statute to reach the same results as the federal one. Accordingly, federal law is not helpful in interpreting G.S. 105-9(4).

The generally accepted meaning of "debt" is "something owed" from one person to another. See Webster's Third New International Dictionary 583 (1968). Petitioner argues that the life insurance proceeds here are a debt because decedent owed them to Ruth Kapoor under the terms of their separation agreement. Specifically, however, what decedent owed under the pertinent provision of the separation agreement was "a life insurance trust in the amount of at least $150.000.00" maintained in full force and effect, and this obligation was fulfilled by the payment of the necessary life insurance premiums. At the time of decedent's death no debt existed with respect to this obligation.

We hold that since decedent had totally satisfied his contractual obligation, no debt existed and no deduction under G.S. 105-9(4) is proper. The order of the trial court is

Reversed.

Judges ERWIN and HILL concur.